## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JOANN BUYTENDORP,                                    Civil No. 04-4166 (JRT/FLN)

    Plaintiff,

v.                                          **ORDER AFFIRMING ORDER OF**
                                              **MAGISTRATE JUDGE**
EXTENDICARE HEALTH SERVICES,
INC.,

    Defendant.

---

Clayton D. Halunen, **HALUNEN & ASSOCIATES**, 220 South Sixth Street, Suite 2000 Pillsbury Center, Minneapolis, MN 55402, for plaintiff.

John D. Thompson and John C. Hauge, **RIDER BENNETT, LLP**, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402, for defendant.

Plaintiff JoAnn Buytendorp brings whistleblower and negligent supervision claims against defendant Extendicare Services, Inc.  This matter is before the Court on plaintiff's appeal from the June 9, 2005 Order of Magistrate Judge Franklin L. Noel, denying plaintiff's untimely motion to amend her complaint to include a claim for punitive damages[1].  An order of a magistrate judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).  For the following reasons, the Court denies plaintiff's appeal.

---

[1] The Magistrate Judge also ruled on a motion to compel discovery [Docket No. 17], but that issue was not appealed.

## ANALYSIS

Plaintiff brought a motion to amend her complaint to include a claim for punitive damages on April 29, 2005 – nearly five months after the deadline set forth in the pretrial scheduling order.  Plaintiff offered no reason or explanation for her delay.    The granting of a motion to amend rests with the sound discretion of the trial court.  *Luigino's Inc. v. Pezrow Cos.*, 178 F.R.D. 523, 525 (D. Minn. 1998).  In *Luigino's*, the plaintiff sought to amend its complaint to add a claim for punitive damages roughly eleven months after the scheduling order deadline.  The court analyzed the motion to amend under Rule 16, which provides that a court's scheduling order "shall not  be  modified except upon a showing of good cause and by leave of the district judge, or when authorized by local rule, a magistrate judge."  *Id.* at 525.  Although the plaintiff in *Luigino's* argued that the defendant would not suffer prejudice if the complaint were amended, the court noted that "Rule 16(b) is driven by 'good cause' on the part of the proponent of a newly formulated claim, and not by a showing of prejudice on the part of the nonmoving party."  *Id.*  The court also noted that the plaintiff offered no justification for its delay, and that the factual predicates for the claim for punitive damages were known to the plaintiff over one year in advance.  *Id.*  Finding that the plaintiff failed to show "good cause" for its untimely motion to amend, the court denied the motion to amend.  *Id.*

Here, plaintiff has not asserted any reason for her tardy filing of the motion to amend.  Moreover, the factual predicates for the claim were either known or knowable to plaintiff well in advance of the scheduling order deadline.  As in *Luigino's*, plaintiff has

failed to show – or even allege – any "good cause" warranting the modification of the Court's scheduling order.

The Court therefore finds nothing suggesting that the Magistrate Judge's Order is clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order of June 9, 2005 [Docket No. 53] is **AFFIRMED.  IT IS FURTHER ORDERED** that each party shall bear its own costs in connection with plaintiff's motion to amend.

DATED:    July 22, 2005                                    s/ John R. Tunheim        _
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                                 United States District Judge