## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

JOANN BUYTENDORP,                                      Civil No. 04-4166 (JRT/FLN)

                                    Plaintiff,

                                                       **ORDER AFFIRMING**
v.                                                     **AUGUST 10, 2005, ORDER OF**
                                                       **MAGISTRATE JUDGE**
EXTENDICARE HEALTH SERVICES,
INC.,

                                    Defendant.

Clayton D. Halunen, **HALUNEN & ASSOCIATES**, 220 South Sixth Street, Suite 2000 Pillsbury Center, Minneapolis, MN 55402, for plaintiff.

John D. Thompson and John C. Hauge, **RIDER BENNETT, LLP**, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402, for defendant.

Plaintiff JoAnn Buytendorp ("Buytendorp") brought this lawsuit against her former employer, defendant Extendicare Services, Inc. ("Extendicare"). This matter is before the Court on defendant's appeal from the August 10, 2005 Order of United States Magistrate Judge Franklin L. Noel, denying defendant's Motion to Quash the Subpoena for Deposition of Dianne Willette and for Sanctions. An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). For the following reasons, the Court denies defendant's appeal.

## BACKGROUND

Buytendorp brought this lawsuit against her former employer, defendant Extendicare, alleging negligent supervision and violation of the Minnesota Whistleblower Act, Minnesota Statute § 181.932.  Buytendorp was the Administrator of Extendicare's Trevilla extended health care facility from 1996 to 2004.  She claims that she received positive job reviews from 1996 until early 2003, shortly after Extendicare hired Laurie Bebo as vice-president of the region in which Buytendorp worked.  Buytendorp claims that Bebo instituted policies at Extendicare that violated laws and/or rules and regulations, and that Buytendorp was unlawfully terminated for opposing those policies.

Defendant brought a motion for summary judgment on Buytendorp's claims, arguing, *inter alia*, that plaintiff was lawfully terminated for performance issues.  In defendant's Reply Memorandum in Support of Motion for Summary Judgment, Extendicare asserted that another former employee of Extendicare, Dianne Willette, had similar performance issues as plaintiff and was similarly terminated.

This Court heard oral argument on defendant's motion for summary judgment on July 12, 2005.  Shortly thereafter, counsel for plaintiff informed the Court that plaintiff would subpoena the deposition of Willette, arguing that defendant had placed Willette's testimony at issue by identifying her as a similarly-situated employee, and that her deposition was necessary and relevant to underlying issues in the case.

Extendicare brought a motion to quash the subpoena for deposition of Dianne Willette and for sanctions, arguing that the deposition would be untimely and an undue burden on the Court and Extendicare.  Plaintiff opposed the motion.  Magistrate Judge

Noel heard the motion on August 8, 2005 and issued an Order denying Extendicare's motion on August 10, 2005.

## ANALYSIS

The Court may quash a subpoena if it subjects a person to an "undue burden." Fed. R. Civ. P. 45. Defendant argues that the deposition of Willette at this stage in the proceedings would be an "undue burden" on Extendicare, but it has failed to specify any reason why Willette's deposition would be an undue burden.

Plaintiff argues that Willette's deposition is necessary because defendant identified Willette as a "similarly situated" employee. Although it is clear that plaintiff was aware of Willette's identity prior to the close of discovery, it is not clear that Extendicare identified Willette as a similarly situated employee until after the close of discovery. In an employment case alleging unlawful disparate treatment, such as this one, the existence of a similarly situated employee may provide valuable and highly relevant evidence relating to plaintiff's burden of proof. *See Ring v. Sears, Roebuck & Co.*, 250 F. Supp. 2d 1130, 1134 (D. Minn. 2003) (citing *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 445 (Minn. 1983) and *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (analyzing Whistleblower Act claims under the *McDonnell Douglas* burden-shifting framework)); *Ordahl v. Forward Tech. Indus., Inc.*, 301 F. Supp. 2d 1022, 1029 (D. Minn. 2004) (noting that similarly situated employees may provide evidence regarding pretext).

The Court holds that the Magistrate Judge's denial of the motion to strike was not "clearly erroneous."  Defendant has failed to articulate any specific reason why or how it would suffer an "undue burden" if Willette is deposed.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order of August 10, 2005 [Docket No. 100] is **AFFIRMED.**


DATED:     September 29, 2005                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                          United States District Judge